Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL VIII**

| | | |
|---|---|---|
| Daniel Morales González<br><br>Recurrente<br><br>vs.<br><br>Departamento de Corrección y Rehabilitación<br><br>Recurrida | KLRA202500253 | **REVISIÓN ADMINISTRATIVA** procedente del Departamento de Corrección y Rehabilitación<br><br>Querella Núm.: B-1684-24<br><br>Sobre: Sanción Disciplinaria |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Adames Soto y la Jueza Santiago Calderón.

Rivera Colón, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 22 de mayo de 2025.

Comparece ante nos, el señor Daniel Morales González (Sr. Morales González o recurrente), quien presenta recurso de revisión administrativa en el que solicita la revocación de la "Respuesta al Miembro de la Población Correccional" emitida el 17 de marzo de 2025, por el Departamento de Corrección y Rehabilitación (DCR o recurrido). Mediante dicha determinación, el DCR desestimó la solicitud de remedio radicada por el recurrente.

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable, desestimamos el recurso mediante los fundamentos que expondremos a continuación.

**I.**

El Sr. Morales González presentó una "Solicitud de Remedio Administrativo" en la que, esencialmente, peticionó que se resuelva una alegada falta de servicios en la biblioteca. Adujo que no se le brindó el servicio en varias fechas, que en ocasiones no funcionaba

Número Identificador

Número Identificador

SEN2025 _____

el sistema de Lex-Juris, y que sus turnos para ir a la biblioteca le confligen con sus terapias. Indicó que el tiempo para utilizar el programa de Lex-Juris no es suficiente para radicar sus escritos y hacer sus investigaciones, por lo que solicitó una tableta con el fin de acceder fácilmente a los servicios bibliotecarios.

Atendida su solicitud, el 19 de diciembre de 2024, el DCR emitió una "Respuesta al Miembro de la Población Correccional" indicándosele que, según informado por la bibliotecaria, existe un horario establecido por edificio para el uso de los servicios. En cuanto al Lex-Juris, se le manifestó que el mismo se encontraba restablecido.

Inconforme, el 11 de enero de 2025, el recurrente radicó una "Solicitud de Reconsideración" reiterando sus argumentos.

Evaluada su petición el 19 de marzo de 2025, notificada el **24 de marzo de 2025**, el DCR emitió Resolución confirmando la "Respuesta al Miembro de la Población Correccional" emitida por el superintendente de la institución correccional. Además, orientó al Sr. Morales González en cuanto a la disponibilidad de los recursos y el horario para el uso de las computadoras. Adicionalmente, le apercibió consultar con la bibliotecaria cualquier necesidad de tiempo adicional o acomodo razonable.

En desacuerdo con el dictamen, el **25 de abril de 2025**, el Sr. Morales González recurre ante este foro apelativo intermedio señalando la comisión de los siguientes errores:

> *A) Estos no tomaron en cuenta que el horario que estos tienen asignado conflige con otros cursos o talleres asignados al plan institucional.*
>
> *B) Tener solo 30 minutos de acceso a Lex-Juris y la computadora debido a la alta demanda de la población correccional.*
>
> *C) La tableta electrónica no están autorizadas por medidas de seguridad.*

## II.

### -A-

La parte adversamente afectada por una orden o resolución final de una agencia podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones. Sección 4.2 de la Ley Núm. 38-2017, 3 LPRA sec. 9672, mejor conocida como la Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, según enmendada; Regla 56 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 56. Para que dicho recurso pueda revisarse en sus méritos, es necesario que la parte recurrente haya agotado todos los remedios administrativos provistos por la agencia o el organismo apelativo. Sección 4.2 de la Ley Núm. 38-2017, *supra*; *Moreno Ferrer v. JRCM*, 209 DPR 430, 435 (2022). Además, el recurso deberá presentarse dentro del término jurisdiccional de 30 días, a contarse a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final. Sección 4.2 de la Ley Núm. 38-2017, *supra*; Regla 57 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 57.

No obstante, la parte adversamente afectada por una resolución final de la agencia podrá solicitar su reconsideración, dentro del término de 20 días desde la fecha de archivo en autos de la notificación de la resolución. Sección 3.15 de la Ley Núm. 38-2017, 3 LPRA sec. 9655. En estos casos, la agencia tiene un término de 15 días para considerar la reconsideración. *Íd.* Pueden suceder tres cosas: (1) que la agencia rechace la moción, (2) que la agencia no actúe dentro de los 15 días, o (3) que la agencia decida acoger la moción presentada. *Íd.* Si la rechaza, el término para solicitar la revisión judicial empezará a computarse a partir de la fecha en que se deniega la reconsideración. *Íd.* En cambio, si la agencia no actúa dentro del término de 15 días, la reconsideración se tendrá por rechazada y, a partir del día 15, comienza a correr el

término para solicitar revisión judicial. *Íd.* Finalmente, si la agencia decide acoger la moción, ésta tendrá 90 días contados desde que se radicó la moción de reconsideración para emitir su determinación, salvo que la agencia, por justa causa y dentro de esos 90 días, prorrogue el término por un período adicional que no excederá de 30 días. *Íd.* En estos casos, el término para solicitar revisión judicial comienza a transcurrir desde que la agencia emite su determinación, o a partir de que expire el término de 90/120 días. *Íd.*

**-B-**

Los tribunales tienen la responsabilidad de examinar su propia jurisdicción, así como la del foro de donde procede el recurso ante su consideración. *Torres Alvarado v. Madera Atiles*, 202 DPR 495, 500 (2019). La jurisdicción se refiere al "poder o la autoridad que tiene un tribunal para considerar y decidir casos o controversias que tiene ante sí". *R&B Power. Inc. v. Junta de Subasta ASG*, 2024 TSPR 24. Los tribunales deben ser celosos guardianes de su jurisdicción y no tienen discreción para asumir jurisdicción donde no la hay. *Pueblo v. Ríos Nieves*, 209 DPR 264, 273 (2022). En ese sentido, los foros judiciales tenemos el deber ineludible de atender con preferencia los asuntos concernientes a la jurisdicción. *R&B Power. Inc. v. Junta de Subasta ASG, supra.* Esto, pues, "[u]na vez un tribunal determina que no tiene jurisdicción para entender en el asunto presentado ante su consideración, procede la desestimación inmediata del recurso". *Pueblo v. Torres Medina*, 211 DPR 950, 958 (2023).

Es norma reiterada que, para adjudicar un caso, los foros judiciales de Puerto Rico deben tener jurisdicción sobre la materia, así como sobre las partes litigiosas. *FCPR v. ELA et al.*, 211 DPR 521, 530 (2023). La jurisdicción sobre la materia "se refiere a la capacidad del tribunal para atender y resolver una controversia

sobre un aspecto legal". J.A. Echevarría Vargas, <u>Procedimiento Civil Puertorriqueño</u>, 1.ra ed., Colombia, 2010, pág. 25. Es el Estado el único que puede, a través de sus leyes, privar a un tribunal de jurisdicción sobre la materia, ya sea por disposición expresa o por implicación necesaria. *MCS Advantage v. Fossas Blanco et al.*, 211 DPR 135, 145 (2023). La falta de jurisdicción sobre la materia da lugar a las consecuencias siguientes:

> *(1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4) impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal motu proprio. Beltrán Cintrón et al v. ELA et al,* 204 DPR 89, 101-102 (2020).

Por otro lado, la Regla 83 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B R. 83, nos otorga la facultad para desestimar, *muto proprio*, cualquier recurso cuando, entre otras circunstancias, este Tribunal de Apelaciones carece de jurisdicción para atender el mismo.

Como se sabe, la presentación prematura o tardía de un recurso priva de jurisdicción al tribunal al cual se recurre. *Pueblo v. Rivera Ortiz*, 209 DPR 402, 415 (2022). Lo determinante para concluir si un recurso es prematuro o tardío es su fecha de presentación. *Íd.* Un recurso es prematuro cuando, al momento de su presentación, la determinación cuya revisión se nos solicita aún está pendiente y no se ha resuelto. *Yumac Home v. Empresas Massó*, 194 DPR 96, 107 (2015). O sea, es aquel que se presenta en la secretaría de un tribunal apelativo antes de que este adquiera jurisdicción. *Pueblo v. Ríos Nieves, supra*, a la pág. 274. En cambio, un recurso tardío se presenta luego de transcurrido el término dispuesto en ley para recurrir. *Yumac Home v. Empresas Massó, supra*, a la pág. 107.

Ahora bien, las consecuencias de uno y otro son distintas. La desestimación de un recurso tardío es final, y priva fatalmente a la parte de presentarlo nuevamente. *Pueblo v. Rivera Ortiz, supra,* a la pág. 415. En cambio, un recurso desestimado por prematuro permite a la parte afectada presentarlo nuevamente en el momento oportuno. *Íd.* Es decir, luego de que el foro recurrido resuelva lo que tenía ante su consideración. *Yumac Home v. Empresas Massó, supra,* a la pág. 107.

En resumen, los asuntos jurisdiccionales son privilegiados y deben cumplirse estrictamente porque, de lo contrario, el tribunal revisor carecerá de jurisdicción sobre el asunto y desestimará la reclamación sin entrar en los méritos de la controversia. *R&B Power. Inc. v. Junta de Subasta ASG, supra.*

### III.

Las cuestiones relativas a la jurisdicción del tribunal deben resolverse con preferencia a cualesquiera otras. *Báez Figueroa v. Adm. Corrección,* 209 DPR 288, 298 (2022). Tras un análisis del expediente apelativo, determinamos que carecemos de jurisdicción para atender los méritos del reclamo que se nos presenta.

Según revela el tracto procesal discutido, el Sr. Morales González presentó una "Solicitud de Remedio Administrativo" ante el DCR. Dicha agencia recurrida, tras evaluar su petición, emitió una "Respuesta al Miembro de la Población Correccional" con la que el recurrente estuvo en desacuerdo. Por lo tanto, este último solicitó reconsideración del dictamen, petición que fue resuelta el 19 de marzo de 2025 y **notificada el 24 del mismo mes y año**.

Como mencionamos, la parte adversamente afectada por la resolución final de una agencia posee un término de 30 días para solicitar revisión judicial ante este Foro apelativo, a contarse desde la fecha del archivo en autos de la copia de la notificación de la resolución final. Sección 4.2 de la Ley Núm. 38-2017, *supra.*

Ahora bien, este término de 30 días puede interrumpirse mediante la presentación oportuna de una moción de reconsideración. *Íd.* Si la parte adversamente afectada por la resolución final solicita reconsideración, la agencia posee 15 días para considerar el escrito a computarse desde el día en que se presentó el mismo. Sección 3.15 de la Ley Núm. 38-2017, 3 LPRA sec. 9655. Si la agencia determina atender la moción de reconsideración, el término para solicitar revisión comenzará a contarse nuevamente desde la fecha en que se archive en autos copia de la notificación de la resolución resolviendo la solicitud de reconsideración. *Íd.*

En estos casos, el término para recurrir ante este Tribunal de Apelaciones comenzó a transcurrir el día en que se notificó la resolución resolviendo la solicitud de reconsideración que presentó el recurrente, es decir, el **24 de marzo de 2025**.[1] Por ende, el Sr. Morales González tenía hasta el **23 de abril de 2025** para radicar su recurso de revisión judicial.

Sin embargo, lo cierto es que **su recurso fue recibido en la Secretaría de este foro apelativo el 25 de abril de 2025**, **según consta en el ponche del depósito en el correo ordinario**. Por lo que, evidentemente, el recurso ante nuestra consideración se presentó luego de transcurrido el término dispuesto para recurrir. En consecuencia, estamos impedidos de atenderlo en sus méritos, pues, cónsono con el derecho antes esbozado, el recurso resulta tardío y priva de jurisdicción al tribunal al cual se recurre. *Pueblo v. Rivera Ortiz*, 209 DPR 402, 415 (2022).

Finalmente, cabe destacar que, como parte del proceso para la petición *in forma pauperis,* la persona interesada debe hacer una declaración jurada en la que exponga que no posee los medios económicos para sufragar los derechos arancelarios requeridos

---

[1] Esta es la fecha que surge del "Recibo de Resolución de Reconsideración"; apéndice X.

para poder litigar ante el Tribunal. Una vez juramentada la petición y, en el ejercicio de su discreción, el Tribunal puede autorizar la petición *in forma pauperis*.

Aunque el recurrente alega comparecer *in forma pauperis*, del expediente apelativo no surge copia de la solicitud a esos fines, debidamente cumplimentada o juramentada. El no acompañar los documentos acreditando su solicitud, ni evidencia del pago de los derechos arancelarios, es fundamento adicional para desestimar su recurso.

Por los motivos que anteceden, procede la desestimación del recurso instado por el señor Daniel Morales González.

**IV.**

Por los fundamentos expuestos, los que hacemos formar parte de este dictamen, desestimamos el recurso presentado por el señor Daniel Morales González.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones